IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 14-cv-1011-NJR-DGW |
| ) | |
| HEATHER D. SMITH, WILLIAMSON ) | |
| COUNTY TREASURER, and FFPM ) | |
| CARMEL HOLDINGS I, LLC, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT DECREE AND ORDER**
<u>**DIRECTING SALE OF MORTGAGED PROPERTY**</u>

**ROSENSTENGEL, District Judge:**

An order of default having been entered against Defendants, Heather D. Smith, Williamson County Treasurer, and FFPM Carmel Holdings I, LLC, the Court FINDS as follows:

1. The Court has jurisdiction over the parties and the subject matter of this action. The Defendants, Heather D. Smith, Williamson County Treasurer, and FFPM Carmel Holdings I, LLC, have each been properly served and the time for answering has expired. Having failed to answer or otherwise enter any appearance, these parties are ordered defaulted.

2. The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Heather D. Smith, secured by a mortgage dated January 27, 2006 (Ex. A of the Complaint, Doc. 2-1), in the total principal amount of

$109,000.00. The mortgage was recorded on January 27, 2006, in Williamson County, Illinois, in Mortgage Record Book 253, page 791, as Document No. 1232. That loan is evidenced by a promissory note dated January 27, 2006 (Ex. B of the Complaint, Doc. 2-1). Defendant Heather D. Smith defaulted on the note. On September 3, 2013, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration (Exhibit C of the Complaint, Doc. 2-1).

3. The following may have claimed an interest in the property described above but are foreclosed from asserting their claim, if any, because of their default in this action: Heather D. Smith, Williamson County Treasurer, and FFPM Carmel Holdings I, LLC.

4. By virtue of the mortgage and indebtedness secured, Plaintiff, United States of America, has a valid and subsisting lien as follows:

Common address:  5738 Red Fox Drive, Carterville, Illinois 62918

Lot Thirty-two (32) in the Fox Hollow 1st Addition, the plat of which is recoded in Plat Record 8 at page 89 in the Office of the Recorder of Williamson County, Illinois, EXCEPT any interest in the coal, oil, gas and other minerals underlying said land which have been heretofore conveyed or reserved in prior conveyances, and all rights and easements in favor of the estate of said coal, oil, gas and other minerals, if any, situated in Williamson County, Illinois.

Tax ID No. 05-01-176-022.

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, the following is due to Plaintiff, the United States of America:

(a) For its own use and benefit for the costs of this suit and for:

|  |  |
|---|---|
| U.S. Attorney's docket and recording fees.......... | $ 400.00 |
| U.S. Marshals costs for service of summons .. | $ 155.76 |
| Fee to publish notice of pendency of action… | $ 778.20 |
| Title expenses....................................................... | $ 600.00 |
| TOTAL       ................................................…… | $ 2,003.96 |

(b)    For the use and benefit of the plaintiff, holder of the note secured by the mortgage, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance................................... | $123,927.14 |
| Subsidy recapture paid ………………………. | $6,017.49 |
| Accrued interest at $30.2415 per day due and unpaid as of May 7, 2015................................... | $39,832.93 |
| TOTAL       ...................................................... | $169,777.56 |
| Total amount due Plaintiff as of May 7, 2015, including costs detailed in 5(a) ........................ | $171,781.52 |

(c)    In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)    Under the terms of the mortgage, all such advances, costs, and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate, and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)    In order to protect the lien of the mortgage, it may or has become

          necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

    (f)    In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make repairs to the real estate as may reasonably be deemed necessary for its proper preservation.

    (g)    Under the terms of the mortgage, any money paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. That Williamson County, Illinois, has a valid lien on the property described above for tax for the year 2015, and the property will be sold subject to the interest of Williamson County, resulting from taxes, general or special, which are a valid lien against the property.

Accordingly, the Court GRANTS the Motion for Default Judgment filed by the United States of America (Doc. 14).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that judgment is entered against Heather D. Smith for $171,781.52, and unless Defendants and their assigns and successors in interest to the above-described property pay to Plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within **three days** from the date of this decree the sum of $171,781.52 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to

Williamson County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Williamson County Courthouse in the City of Marion, Illinois.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the United States and against Heather D. Smith, Williamson County Treasurer, and FFPM Carmel Holdings I, LLC. The real estate shall be sold free and clear of any claimed lien of Heather D. Smith, Williamson County Treasurer, and FFPM Carmel Holdings I, LLC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that the United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that the certificate of purchase shall be freely assignable by endorsement.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date sixty (60) days after the date the judgment of foreclosure is entered since the value of the mortgaged real estate as of the date of the judgment is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of the proceeds he shall pay to the plaintiff $171,781.52, together with lawful interest to be computed to the date of this decree and any court costs of this action in its behalf. The United States Marshal shall take receipts from the

respective parties from whom he may make payments and file the same together with his report of sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, he shall bring such surplus monies into Court without delay for further distribution by order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED from the date of entry of this judgment of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate. After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this

judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title to the real estate. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if the monies arising from the sale shall be insufficient to pay sums due to plaintiff with interest less costs as set forth above, the United States Marshal shall specify the amount of deficiency in his report.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court retains jurisdiction of the subject matter and the parties to this action for the purpose of enforcing this decree, and the United States Marshal shall report his actions at the earliest possible time.

**IT IS SO ORDERED.**

**DATED: June 1, 2015**

s/ Nancy J. Rosenstengel\_\_\_\_\_
**NANCY J. ROSENSTENGEL**
**United States District Judge**